IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN DAVID MCMURRER, #12653-028**<br><br>**Petitioner,**<br><br>v.<br><br>**U.S.A.,**<br><br>**Respondent.** | Case No. 21-cv-01059-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Brian David McMurrer is an inmate in the custody of the Bureau of Prisons ("BOP"). He is currently incarcerated in the U.S. Penitentiary in Lewisburg, Pennsylvania. He filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 to challenge the loss of good conduct time based on discipline he received while at USP Marion. (Doc. 1, p. 1). Respondent filed a Response to the Petition. (Doc. 7).

### RELEVANT FACTS AND PROCEDURAL HISTORY

McMurrer pled guilty to bank robbery in the United States District Court for the Southern District of Indiana. *United States v. McMurrer*, No. 3:15-cr-47-WTL-MJD (S.D. Ind.). His projected release date is June 3, 2023. *See* https://www.bop.gov/inmateloc/ (last visited July 28, 2022).

The disciplinary incident that gave rise to this action occurred on May 19, 2021, while McMurrer was incarcerated at the USP Marion, located within the Southern District of Illinois. (Doc. 1, p. 2). McMurrer was charged with "code 208 'interfering with secry

devices.'" (*Id.* at p. 13). The Disciplinary Hearing Officer (DHO) hearing, at which McMurrer appeared, took place on July 9, 2021. (*Id.*). The DHO found McMurrer guilty and docked him 27 days of good conduct time and 60 days of phone, visitation, and commissary privileges. (*Id.*).

## GROUNDS FOR HABEAS RELIEF

McMurrer argues that the BOP violated his due process rights when it deprived him of good conduct credit because (1) the DHO's written report was never delivered to him, (2) the DHO was unqualified, (3) the DHO was biased, (4) McMurrer was not allowed to show footage from a hallway camera at U.D.C. process, (5) the DHO said his witness statement does not matter, and (6) he cannot perform the task of what the incident reports states because of his nerve damage. McMurrer seeks expungement of the disciplinary conviction, restoration of his lost good conduct credit and his phone, visitation, and commissary privileges, and court costs. Respondent argues that McMurrer failed to exhaust his administrative remedies.

## DISCUSSION

BOP inmates can challenge the loss of good conduct credit through a petition for habeas relief pursuant to 28 U.S.C. § 2241. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994); *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). Before the Court can consider such a claim, however, the petitioner must exhaust administrative remedies. *Jackson*, 707 F.2d at 949; *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997).

The exhaustion requirement in Section 2241 cases is not statutorily mandated and

thus is not jurisdictional. The Seventh Circuit has recognized that there can be exceptions to the requirement, but "sound judicial discretion governs." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). The Supreme Court has identified two purposes for the exhaustion requirement—protection of the agency's authority and promotion of judicial economy. *Id.* at 1017.

The BOP has created an Administrative Remedy Program which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The Program "applies to all inmates in institutions operated by the Bureau of Prisons. . . ." § 542.10(b).

Here, the North Central Regional Office denied McMurrer's appeal on August 11, 2021. (Doc. 7-1, p. 17). The Regional Office rejected McMurrer's appeal because McMurrer failed to include a copy of the DHO's report. Rather than appealing to the Central Office using a BP-11 form, McMurrer placed a § 2241 petition in the prison mail system on August 23, 2021. (Doc. 1, p. 9).

Indeed, McMurrer could have submitted a Central Office appeal directly arguing that the Regional Office's rejection was improper because he never received a copy of the DHO Report. By not developing this point, McMurrer failed to give the BOP an opportunity to fully assess the issue before initiating this action. *See McMurrer v. Spaulding*, 2022 WL 1081776, at *3 (S.D. Ill. Apr. 11, 2022) (noting that "[s]uch an appeal would not have been futile, for the Central Office could have directed the BOP to give McMurrer a copy of the DHO report and could have directed the Regional Office to

accept a late appeal in light of the fact that McMurrer claimed not to have received the DHO decision").

"Because he is procedurally defaulted for failing to exhaust administrative remedies, McMurrer's habeas claim is barred unless he can show cause for and prejudice from that default." *Id*. (citing *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986)). McMurrer fails to show cause for his failure. He filed this lawsuit 12 days after the Regional Office's denial, even though he had time to appeal to the General Counsel. While the General Counsel has within 60 days of the appeal to respond, McMurrer's scheduled release date is June 3, 2023. In other words, he had plenty of time to exhaust remedies and then file a lawsuit without rendering the process pointless. Accordingly, McMurrer has procedurally defaulted his claim.

The Court declines to excuse McMurrer's failure to exhaust his administrative remedies. Courts *may* excuse the failure to exhaust where:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). The problem is McMurrer has not offered a valid reason for failing to appeal the Regional Office's denial to the Central Office. McMurrer neither provided evidence that an appeal would have been futile nor raised any substantial constitutional question. Requiring exhaustion would not cause him prejudice because he still has time to serve in prison. Accordingly, the Court declines to

excuse McMurrer's failure to exhaust administrative remedies.

## DISPOSITION

For these reasons, Brian McMurrer's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED without prejudice** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:** July 28, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**